### Cook and wife *vs.* Lee.

*Where the real estate of infants was sold under a judgment in a partition suit commenced in the supreme court, under the act of 1813, the guardian ad litem of the infants and not their general guardian was the proper person to receive and invest their shares of the proceeds of the sale.*

*And where the commissioners who sold the property, instead of paying the infants' shares of the proceeds to their guardian ad litem in the suit, paid such shares to the general guardian, who wasted the same and became insolvent, the guardian ad litem not having directed such payment or assented to the same ; Held, that the remedy of the infants was against the commissioners who made the payment without authority; and that the guardian ad litem was not answerable for the loss, it not appearing that the commissioners were irresponsible.*

**August 22.**      This was an appeal from the decision of the vice chancellor of the fourth circuit. The defendant, Joel Lee, was appointed by the supreme court, guardian ad litem of the complainant Mary Ann Richie, now the wife of the complainant Truman Cook, in a partition suit in that court. The property was sold under an order of the court, and the commissioners, instead of paying the infant's share of the proceeds to the guardian ad litem, paid the same over to the general guardian who had been appointed by the surrogate ; and who afterwards squandered the fund and became insolvent, so that the same was lost, except a small sum which was saved by the appointment of a receiver. The object of the bill was to compel the guardian ad litem to account for the proceeds of the sale, on the ground that the same had been lost through his negligence. The defendant insisted, by his answer, that the general guardian was the proper person to receive the infant's share of the proceeds of the sale, under the statute then in force ; and that as the guardian ad litem had never received any part of the fund from the commissioners, he was not bound to account

for the same. The vice chancellor decreed a dismissal of the complainants' bill; from which decision they appealed to the chancellor.

*J. Ellsworth & S. Stevens*, for the complainants. The guardianship of the defendant was a trust cognizable by this court. The trust embraces the receipt of the infant's share of the proceeds of partition sale, as well as the other duties required of the guardian. The defendant was guilty of a breach of trust, 1. In consenting to file the report of sale without reading before supreme court; 2. In consenting to an erroneous rule for distribution; 3. In not applying to the commissioners for the proceeds of the sale, when due, in 1814; 4. In consenting to the payment to Sillick and by bond and mortgage.

The defendant is liable to account for the proceeds of partition sale with interest, deducting the costs of partition sale and payments for dower. The complainants are not bound to accept any account of Sillick; but the defendant may be substituted for complainants, and be entitled to sue Sillick or any other person, on giving an adequate indemnity against costs. The defendant ought to pay the costs of appeal and the costs of suit in the court below.

*Levi H. Palmer*, for the defendant. There is no equity in the bill. The powers and duties of guardian ad litem commence and end with the litigation. He cannot be converted into a general guardian. The defendant has not received the money, and it is not alleged that the money is lost. The defendant, who was the guardian ad litem, has faithfully discharged the trust reposed in him. The general guardian received the money. The commissioners in partition paid the money to the general guardian. If the defendant is liable, the commissioners are liable over to him, and they ought to be made parties. The defendant is entitled to costs.

1836.

Cook
v.
Lee.

The Chancellor. Several questions were raised upon the argument, as to the regularity of the proceedings in the partition suit, but as those questions relate to the validity of the title of the purchaser, who was the plaintiff in the partition suit, rather than to the liability of the guardian ad litem, it is not material, and it would perhaps be improper, that I should express any opinion upon them here. If the proceedings in the partition suit have been so defective that the legal title did not pass to the purchaser under the deed of the commissioners, the remedy of the complainants is against other persons for the recovery of the land itself. And if the commissioners have paid over the proceeds of the sale to the wrong person, the guardian ad litem is not answerable for their acts. They alone are liable to the complainants, unless the guardian has done some act by which he may be considered as having assented to the mis-application of the fund ; in which case he may be personally responsible to the complainants if they cannot collect it from those who are primarily liable therefor. The only two questions to be considered, therefore, are, whether the commissioners were authorized to pay the money to the general guardian ; and if not, whether this defendant has assented to the payment of the money to the wrong person.

The question as to the right of the general guardian to receive the proceeds of the sale in the partition suit was deliberately examined and settled in this court by Chancellor Sanford, in the case of *Muir* v. *Wilson and others,* (*Hopk. Rep.* 512.) The proceedings in the partition suit in that case were under the act of 1801, (1 *R. L. of* 1801, *p.* 545, § 5, 6,) which, in this respect, was substantially the same as the act of 1813. The *general guardian of the infants was appointed guardian ad litem in the partition suit, and the proceeds of the infant's share of the property was paid over to the guardian under the order of the court.* The guardian having squandered the money, the question arose whether he could be considered as having received the money as general guardian, so as to make his sureties upon his appointment as such answerable for the proceeds of the real estate. And this court decided that he was not authorized

to receive the proceeds of the sale in the partition suit, in his character of general guardian; and that his sureties upon the appointment as guardian ad litem were alone answerable for the proceeds of the infant's real estate, the guardian being insolvent. I have no doubt that this is the correct construction of the statute, and that the commissioners in the present case paid over the infant's share of the money to her general guardian without authority.

I have not been able to find any evidence in this case that the money was paid over to the general guardian by the direction or with the assent of the defendant. He was probably under the same erroneous impression as the commissioners, as to the right of the general guardian to receive the money; and supposing his duty as guardian ad litem had terminated when the property had been sold for its fair value, he left the commissioners to dispose of the fund as they were advised. Even if the guardian ad litem would be answerable for a loss of the money, by his neglect to call upon the commissioners for the payment thereof to himself after they had paid it to the wrong person, he cannot be made liable in the present suit; as there is no evidence that the commissioners are insolvent so that it cannot be collected from them. Neither do I find any allegation to that effect in the complainants' bill.

The decree of the vice chancellor was therefore right, and must be affirmed, with costs.