(30 Misc. Rep. 377.)

### ALLEN v. FAHY et al.

(Supreme Court, Trial Term, Monroe County. January, 1900.)

1. GENERAL GUARDIAN—BOND—SURETIES—LIABILITY.

The sureties on a general guardian's bond are not liable for money received by the guardians from sale of the ward's real estate, and a surrogate's decree finding the amount due by the guardian, including proceeds from such sales, is not binding on the sureties as to such proceeds.

2. SAME—PLEADING—COMPLAINT.

Under Code Civ. Proc. § 2607, providing that, where an execution issued on a surrogate's decree against the property of a guardian has been returned unsatisfied, an action may be maintained on his official bond by and in the name of the party in interest, a petition in an action on such bond in behalf of a ward, which failed to allege that execution had issued on the decree, but only alleged a demand, will be dismissed.

Action by John S. Allen by Rudolph Nay, general guardian, against John Fahy and another, as sureties on the bond of a general guardian. Complaint dismissed.

John B. Kiley, for plaintiff.
Charles M. Williams, for defendants.

NASH, J. The sureties upon the bond of a general guardian are not responsible for money which may come to the hands of the guardian from the sale of the real estate of his ward. Muir v. Wilson, Hopk. Ch. 512; cited and approved in Cook v. Lee, 6 Paige, 158. Therefore, as to the sum of $970.32, stated in the decree of the surrogate's court to have been received by the guardian in proceedings in Monroe county court for the sale of the interest of the infant in real estate, and as to which it is stated in the decree that it is without prejudice to any defense the sureties of the guardian may have, the plaintiff is without remedy as against the defendants.

The complaint must be wholly dismissed for the reason that it does not allege that an execution was issued upon the surrogate's

decree before the commencement of the action. Code Civ. Proc. §
2607. A demand only is alleged. The plaintiff having arrived at
full age, the action is, in effect, brought by him in his own behalf
to recover against the sureties of the guardian upon his official bond,
and clearly within the provisions of that section of the Code. Find-
ings may be submitted.

Ordered accordingly.